Mr. Carpenter, on behalf of Mildred White. Mrs. White presents a question of regulatory interpretation concerning the extant provisions of 38 C.F.R. 3.102, 1979, and specifically whether or not, as compared to the decision below, the standard in the amended version of the regulation, which was amended in 1985, and the statutory version are less favorable than the version that existed in 1979. The 1980 board decision, as I read, doesn't seem to turn on the interpretation of the regulation. No, that, it did not. The question was whether or not it did or did not correctly apply that regulation in the request for revision that was before the board in the, I think it's 2006 decision that was the subject matter of this appeal. Well, but this seems to have this kind of abstract quality to it, since I don't understand that the 1980 decision turned on one interpretation of the regulation or another interpretation of the regulation. Well, the question that was presented to the Veterans Court was whether or not the board that reviewed the 1980 board decision, whether or not that board decision did or did not correctly interpret the 1979 provision, and the board simply ignored it and relied upon the statutory language in saying that there was no basis for the request for revision. Yeah, but I'm still puzzled. This seems like an issue floating there in the air, which has no real significance for the review of the 1980 decision, which you allege is Q. But the request for Q is based upon whether or not the board in 1980 did or did not correctly apply the EXAMPT law. Well, that's the question. I don't see that the, what the board did in 1980 depended on an application or interpretation of this regulation. But that's not the subject matter of this appeal. The subject matter of this appeal is whether or not the Veterans Court, when it was presented with the appeal by Mrs. White of the board's decision that reviewed the 1980 board decision, did or did not correctly interpret that regulatory provision. Instead, the Veterans Court relied upon the statutory language of 5107, the same as the board did. And I do not believe that it is an abstract provision or abstract theory. It is how decisions are revised under the statutory scheme for revision based upon an allegation of clear and unmistakable error. If the EXAMPT law was not correctly applied, then that decision should be revised and the correct application of that EXAMPT provision should be afforded the blame. I don't see that the 1980 decision depend on whether they made a legal error or not. I don't see that the 1980 decision rests on an interpretation of this provision. Am I mistaken about that? Well, it does not expressly rely upon an interpretation of that. It simply ignored the regulatory responsibility of the board to afford Mrs. White the benefit of the doubt because there was a substantial doubt raised by the medical evidence which she submitted concerning the cause of death. And that the evidence neither proved nor disproved the claim and therefore the evidence which she submitted in favor of her entitlement to dependency and indemnity compensation should have been given the benefit of the doubt under the EXAMPT regulation. What's the difference between the regulation and the statute? The difference is that under the current version of the regulation and statute, it requires the secretary to make a determination as to whether or not the evidence is either positive or negative and that the benefit of the doubt shall only be afforded under the revised language of the regulation and the statutory provision when those positive and negative evidences are in equipoise. And according to this court's interpretation in Ortiz, the benefit of the doubt simply doesn't come into play. I believe that the correct interpretation of the prior version of 3.102 is more favorable to Clarence in that it relies upon a two-step process, whether or not there was evidence sufficient to prove or disprove the claim and if so, was there a substantial doubt? And that substantial doubt is defined as one within the range of probability as distinguished from pure speculation or remote possibility. Mrs. White presented competent medical evidence that connected her husband's cause of death to his military service. That raised a substantial doubt even though that evidence... So your theory is anytime someone presents evidence to support his or her case under the earlier version of the regulation, that raises a substantial doubt in the benefits that can be awarded? If it raises a substantial doubt as distinguished from pure speculation or remote possibility. Any amount of evidence from the claim raises a substantial doubt. Well, no. The first part of the regulatory definition says that the evidence must... Evidence... Excuse me. Reasonable doubt is one which exists when by reason of the fact that the evidence does not satisfactorily prove or disprove the claim. And it's our view that the evidence before the board in 1980 did not satisfactorily prove or disprove the claim. There was fundamental problems with the evidence that was presented to satisfactorily prove based upon that evidence. But that evidence did raise a substantial doubt about the cause of Mr. White's death. And therefore, the benefit of the doubt should have derived to Mrs. White and she should have been given the benefits in the 1980 decision as opposed to having to wait until 2000 or 2004 when she finally got the benefits. Now, as I understand it, the current version of the regulation, at least, tracks the previous version of the regulation except for the language that you alluded to about equipoise. That's correct. Approximate. I think what is the language is approximate balance of positive and negative evidence. But the other language, including the language that you quoted previously, is a substantial doubt and one within the range of probability is distinguished from pure speculation or remote possibility. That was in both the previous version and is still in the regulation, correct? I'm not sure. Well, there is some discussion about pure speculation, but it isn't phrased precisely the same way. There is not the use of the first prong, if you will. Does not satisfactorily prove or disprove? Yes. Yeah. Okay. And I believe that the regulation essentially is providing a definition for reasonable doubt. It says reasonable doubt means. In the amended regulation, there is no definition provided, and as this court interpreted in Ortiz, what this court said was is that what was provided by the language that was used and codified by Congress in the balance was essentially the weighing of the evidence and that that evidence must be an equipoise before the benefit of the doubt is even considered. And there is no such limitation in the prior version of this regulation that the regulation will not be used unless, if you will, the only requirement is that the evidence be or create a substantial doubt, one which was within the range of possibility. But how does your construction differ from the one that I was asking you about earlier? It seems to me what you're saying is any time the claimant puts in some substantial or significant evidence to support the claim, that that's going to be sufficient to sustain the award of benefits. No? No, Your Honor. Under the prior version, it is still contingent upon whether or not there was sufficient doubt to disprove the claim. If there had been sufficient evidence to disprove the claim without consideration of the substantial doubt evidence, as it were, then there wouldn't be no triggering of reasonable doubt. I don't understand what you're saying. Well, what the first prong of the regulatory language says is reasonable doubt meant one which exists by reason of the fact that the evidence does not satisfactorily prove or disprove the claim. So the first assessment that had to be made by the Board in 1980 was whether there was evidence that proved the claim. If there was evidence that disproved the claim, then you wouldn't move to reasonable doubt. But the predicate set up in this regulatory language is that the evidence neither satisfactorily proves or disproves the claim, but that there is evidence that creates a substantial doubt within the range of reasonable possibility. And therefore, when a claimant submits evidence that does create that substantial doubt, then the benefit of the doubt should be agreed to the claim. When you weigh all the evidence, Mr. Carpenter, if the evidence is 51% in favor of the government, has that disproven the claim? Yes. So then the only time reasonable doubt and the benefit of the doubt would apply is when the evidence is 50-50. How is that any different from the Equifoise requirement? Because the language here does not refer to a balancing of positive and negative evidence. You just acknowledged, I think rightly, that it says if you weigh the evidence and it doesn't satisfactorily prove or disprove, that's when you're going to apply the benefit of the doubt. It doesn't satisfactorily prove or disprove. If the government has a 51% disproval, then they prevail and reasonable doubt doesn't apply. I apologize, Your Honor. I was responding to your question in the context of the current version of the regulation and the statutory language. I don't understand. What about the prior version? You read the language aloud. Does not satisfactorily prove or disprove a claim. That language is present in the prior and the current. And I'm suggesting that the 51% or the notion of the balancing of evidence does not exist in that language. Sure it does. It says that you have to consider all procurable data to determine this, right? And then it says reasonable doubt is one which exists by reason of the fact that the evidence does not satisfactorily prove or disprove. It does not talk in terms of percentages. It does not talk in terms of positive and negative. I understand. What's the burden of proof here? Preponderance of the evidence, correct? Preponderance of the evidence. Isn't that a clear 50% rule under every single precedent that exists? Yes, but it has no application in the Veterans Benefits Program until... What does that have no application? What else could prove or disprove mean? And tell me, how are we meant to apply this regulation? When have you proven or disproven something? When you have, as in this case, submitted substantial evidence... So wait, that's back to Judge Steig's question. So now, Mr. Carpenter, you're saying any time the plaintiff has submitted substantial evidence, the government can never prove or disprove anything. That doesn't make sense. That's not an applicable rule. It's a preponderance of the evidence standard here, 50%. And the question in this case is whether or not the regulation was a lesser burden than the existing regulatory and statutory burden. And I believe that when they set out the approximate balance weighing criteria, that they clarify their own language... Despite the fact that the legislative history says that they've made no substantive changes when they did this. Well, but the legislative history also says that it provides a guideline as to when the reasonable doubt policy is to be followed. And the question was, is that the way in which this was written, the VA acknowledged that there were problems in how this was to be applied. What this language meant in terms of when reasonable doubt is to be applied. And reasonable doubt must be applied when the claimant submits substantial evidence which casts in doubt what the proof or non-proof of the claim is. Well, that seems as though you're getting back to the substantial evidence interpretation. And I'm suggesting to your honor that substantial evidence is not, was never intended until they amended it to be the criteria here. That we never got to the 51% until they clarified their language in 1985. And that there wasn't... So the claimant wins if his or her claim is supported by substantial evidence regardless of what evidence might exist on the other side. Well, I don't think you can say regardless of what evidence. But yes, the veteran wins. That reasonable doubt must be resolved in favor of the veteran when that reason... And why would the regulation say, after carefully considering all procurable and assembled data, why wouldn't the regulation simply say, after considering the evidence put forth by the veteran? Because that's the only time the reasonable doubt or doubt standard applies. And if that's the way that this court interprets the regulatory language, then Mrs. White loses. But the fact... You get around the fact, you're telling Judge Dike that the only thing you really need to look at is the substantial doubt was created on behalf of the petitioner. And if so, the petitioner has to win. How do you reconcile that with the fact that the regulation says to make this determination you have to carefully consider all procurable data? That simply means they have to consider it, Your Honor. The question is, how do you resolve... But you're saying that the standard itself only requires looking at whether the petitioner has established a substantial doubt, regardless of how much evidence the government has put forth. How can you reconcile that with the fact that this analysis is supposed to be considering all of the data? Because the VA provided a definition to alert their adjudicators as to when reasonable doubt existed. And reasonable doubt existed when the claimant provided evidence of a substantial doubt, one within the range of possibility. And why would the regulation require you to look at all the data? If that interpretation made any sense at all, the regulation would never have you looking at all of the data. It would only have you looking at the petitioner's evidence. I don't believe that that is the way in which the regulation was intended to operate and the way in which the regulation was written. It is part of a whole in which under the prior version of the regulation there was a definition of reasonable doubt, and that definition is removed in the amended regulation. There is no longer a definition of reasonable doubt. Thank you very much. Thank you. Ms. Hogan. We'll restore a couple of minutes of your rebuttal time from Mr. Carpenter since he questioned you extensively and if you could add two minutes to Ms. Hogan's time in case she needs it. Thank you. Good morning, Your Honor. Your Honor, may I please record? Reasonable doubt means the same thing today as it did in 1980 and in fact, although it's been stated in different formulations, it means the same thing as it has since the post-Civil War era. We understand the exact nature of the change that was made in the regulation.  the text, that the difference between the 1981 applicable regulation and the current applicable regulation is the same language shows up in both with the exception that the language because of an approximate balance of positive and negative evidence that's really it, right? That's the difference? Those words? That's it. And the reason for that, so in 1980 there was the Radiation Exposure Act in 1984 Congress specifically told VA, you know, we want to make sure that you apply this to radiation claims as well as other claims because it's a really important concept and rather than making two different regulations, the VA just decided to amend its existing reasonable doubt regulation because Congress required it to emphasize that point and in doing so, decided simply to add some additional language to further explain how it would be applied. Sometimes language means something different, sometimes it's simply a different way of saying the same thing and when VA did that in the regulatory history of course the VA noted that it was not intending a substantive change it was just adding additional language to hopefully clear up the air so that it would be applied when it was appropriate and that claimants wouldn't be under the impression that it should be applied where evidence clearly preponderated against the claim. But Mr. Carpenter would say and I think he indeed just have said that that may be what the VA said and it may be what the VA intended but that's not the effect of adding the language that they added and to put the point a little differently, it seems to me that what the appellant here is arguing is that the way the regulation is now read is really nothing more than shifting the burden of non-persuasion or the risk of non-persuasion so to speak so that all you've got is when there is equipoise then you rule in favor of in this case the plaintiff as opposed to the normal rule which is you rule in favor of the defendant in that kind of case and he's saying that the 1980 version wasn't that limited to shifting the burden of non-persuasion the risk of non-persuasion. Now what is it about the different language that you think avoids that characterization of the changed language? If that question is Well let me maybe start by saying that the burden has always been on the claimant to prove their claim. Well except that in an ordinary tort case I'd say the plaintiff loses if at the end of the day the fact finder has to throw up his or her head and say I don't know which way this case comes out. Plaintiff loses because the plaintiff bears the burden of proof which carries with it the risk of non-persuasion. If they're not persuaded end of case. My understanding of the way this regulation works now is if at the end of the day the fact finder throws up his or her hand and says I'm not persuaded either way, the claimant wins. And that's the shifting of the risk of non-persuasion. If that is all that the regulation does given the language that's now in the regulation, does the prior version encompass a broader scope of doubt such that it isn't simply shifting the risk of non-persuasion but it is including some amount of doubt beyond simply having no idea which case which side ought to prevail. And if not, why not? No. And the reason is as we've identified in our brief, if the court goes back to as early as 1924 the VA interprets its own policy and says where the evidence preponderates for or against the claimant you don't need to use reasonable doubt. But where so we know that that really limits it to when the evidence is an equipoise or when the fact finder can't reach a decision one way or the other. So as early as 1924 VA had a clear policy that says the evidence is for the claimant the claimant clearly wins. If the evidence is against the claimant, the claimant loses. If we don't know if it's really close if there's a reasonable doubt then the benefit goes. Reasonable doubt is a really unhappy phrase for this concept, isn't it? Because it suggests a notion that yeah, I think the government's probably right let's say, but I'm not completely, totally, fully sure. Is that isn't what you're saying reasonable doubt means in this context. And the question is, did it ever? Do you understand what I'm saying? The difference between the equipoise point and the point that one can have a reasonable doubt as to the outcome, even though if one is forced to choose, one would say yes, the government has shown that there was not proof in this case by the equipoise of the criminal standard. So the defendant wins even though the government has proved its case by 51%. There's a heavier burden on the government than the criminal case. And I guess Mr. Carpenter's argument might be interpreted as saying that a similar burden of proof exists in the benefits context by virtue of this regulation. The problem with that theory is that going back to 1924 and that same general counsel opinion, the VA expressly said, by a reasonable doubt, we do not mean the criminal standard beyond a reasonable doubt. So the various burdens of proof and they weren't interpreting their regulation at that point because the regulation didn't exist then, right? The regulation was subsequent to that. No, but it was the same language. It was the exact same language. It was the same policy. It was the same formulation. But that was just in the form of an informal policy at that point. It was a... It's the language of that general counsel opinion in your brief. You know, I don't believe it's in our brief. It's cited in Gilbert and it's also cited in the regulatory history of 1985 and if the court would like, I'd be happy to provide a copy of that opinion. But in addendum B to our brief is the regulatory history from 1985 and in the center column the it describes the I'm sorry, addendum B to the red brief Well your first reference is in addendum A you have a 1959 version, right, of the language Right, which is the same language word for word as it existed in 1980 Right and how I think the question that Judge Moore was asking is how far back does that language go? Well, I think does that go back all the way to 1924 or when was that language first promulgated? Was it first promulgated in 1959? Or was it in a more informal form in 1924 such as in the GC opinion? I'm being told that it was in place as early as 1933. But I would be happy to clarify that In the regulatory history from 1985 on the third page of that Federal Register notice, in the middle column it talks about this 1924 Veterans Bureau General Council opinion involving a World War I veteran Where are you? Which page? Page 34454 Okay In the middle column there's a discussion and it explains how the GC interpreted its own policy, outlining the benefit of doubt policy and explaining that it was not to be applied if the truth could be established by preponderance of evidence on the other hand proof beyond a reasonable doubt was never required. So that really brings that reasonable doubt policy into a much narrower situation and it's the same situation that it did in 1980. To step back just a little bit maybe to go to the point that by opposing counsel started with here, the problem of course is that even if this court were to find some difference between the way that the policy or the regulation was interpreted or understood in 1980 as it is today the 1980 board had no occasion to apply the reasonable doubt regulation and in fact the 1980 board found that the evidence this is page 51 of the joint appendix that the clinical picture presented convincingly shows that the cause of the veteran's death was not related to his military service. So whatever reasonable doubt means it doesn't mean that the veteran wins when the weight of the evidence is clearly against him. So for that reason even if the court were to find that there was a difference we think that the regulatory and legislative history here is very clear that there isn't there really is no benefit here to remand because the outcome is going to be exactly the same. There can't be a cue because there was no error in failing to apply it. This is an old version of this regulation I imagine it's probably not applicable to a lot of cases anymore are there other cases that you're aware of that hinge in any way on our interpretation of the 1979 version or whatever this regulation is? I'm not aware of any cases of course obviously in the cue context or the veteran can always seek to have that case an old case reviewed later but again I think even there the problem is that we're really talking about a review a disagreement about the weight of the evidence here and that can never constitute cue Did you argue in your brief that the blue brief lacked jurisdiction for only raising arguments that go to the weight of the evidence because I didn't see that I saw your brief treating this as a straightforward regulatory interpretation case and as eager as you may be to adopt Judge Dyke's line of questioning that he began with I didn't see you raising that argument Our statement of the statement of jurisdiction that doesn't dispute jurisdiction Well actually we don't have a statement of jurisdiction Oh I'm sorry We did raise Jurisdiction and standard of review from enumeral one starts on page seven That's the heading Right that's  Certainly this court possesses jurisdiction to review a veteran's court blah blah blah blah blah Seems like of course if we don't have jurisdiction your response probably would be even though we didn't raise it but you definitely didn't raise that argument I had the impression the government was treating this not as a case because practically every veteran's case you all argue there's no jurisdiction for so I got the impression that this was one where you all completely agreed that jurisdiction was proper and that the issue was one of regulatory interpretation that was proper before this court Am I misunderstanding the government's position on this point I think to the extent that the veteran's court decision only discussed this legal question this court clearly can review the veteran's court discussion that I think going to a larger question of what is the result of this decision the reality is that what's really being challenged here is the weighing of the evidence and that's not something this court can review. If the court has no further questions we would respectfully request that the court affirm the decision Thank you Mr. Carpenter, two minutes I have nothing further to add unless there's any further questions from the bench I think we're I think we've covered it, thank you very much We thank both counsel, the case is submitted